IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

**MAY 1 1 2000**

MICHAEL N. MILBY  CLERK

| | | |
|---|---|---|
| MICHAEL HAMMETT, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. C-00-88 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

## RESPONDENT JOHNSON'S ANSWER WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, ("TDCJ-ID"), Respondent, ("the Director"), through the Attorney General of Texas, and files this his Answer, with Brief in Support.

### I.

### JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254.

### II.

### DENIAL

The Director denies each and every allegation of fact made by Petitioner, Michael Hammett, ("Hammett"), except those supported by the record and those specifically admitted herein.

### III.

### STATEMENT OF THE CASE

The Director has custody of Hammett pursuant to a judgment and sentence in the 117th District Court of Nueces County, Texas in cause number 84-CR-300B, styled *The State of Texas v. Michael Hammett. See Ex parte Hammett,* Application No. 42,726-01, at

54-56. On March 30, 1984, Hammett was indicted for aggravated robbery. *Id.* at 33. Hammett pleaded guilty to aggravated robbery, and on August 22, 1984, the jury, finding Hammett guilty, assessed punishment at ten years imprisonment and a fine of $6,000, and recommended that his confinement be probated for ten years. *Id.* at 52-53. On August 20, 1986, Hammett's probation was revoked and the original punishment of ten years imprisonment and a $6,000 fine was imposed. *Id.* at 55-56.

On October 30, 1989, Hammett was released on parole. *Ex parte Hammett*, No. 42,726-02, at 38-39. On October 15, 1993, the Board of Pardons and Parole revoked Hammett's parole. *Id.* at 46. On January 4, 1995, Hammett was released to mandatory supervision. *Id.* at 48-49. On May 17, 1999, the Board of Pardons and Parole revoked Hammett's mandatory supervision. *Id.* at 55.

On July 20, 1999, Hammett filed his first state writ of habeas corpus. *Ex parte Hammett,* No. 42,726-01, at 2. On September 22, 1999, the Texas Court of Criminal Appeals denied his application without written order on the findings of the trial court without a hearing. *Id.* at cover. On November 29, 1999, Hammett filed his second state writ of habeas corpus. *Ex parte Hammett,* No. 42,726-02, at 2. On January 19, 2000, the Texas Court of Criminal Appeals denied the application without written order. *Id.* at cover.

A copy of Hammett's state writs of habeas corpus is included with the Director's answer. Copies will not be forwarded to Hammett. A time calculation report from the State Classification Committee is attached as exhibit A.

## IV.

## PETITIONER'S ALLEGATION

The Director understands Hammett to allege, regarding his 1999 revocation of release, that:

> 1. his good time credit was taken when his mandatory supervision was revoked, causing him to serve his sentence in installments;

2

2. the parole and mandatory supervision certificate is an invalid contract because it stipulates that street time will not be credited upon revocation, and he signed it under duress;

3. the state uses *ex post facto* laws; and

4. the separation of powers has been violated because no department should have the right to lengthen a sentence given by the judicial system.

Fed. Writ Pet. at 6 and additional memoranda attached by Hammett.

## V.

## EXHAUSTION/PROCEDURAL DEFAULT

The Director believes that Hammett, regarding his allegations listed in subsection IV *supra*, has adequately exhausted the available state court remedies pursuant to 28 U.S.C. § § 2254 (b), (c).

## VI.

## ANSWER WITH BRIEF IN SUPPORT

### A.    *Standard of Review*

Hammett's federal petition was filed on February 28, 2000, and signed on February 10, 2000. Fed. Writ Pet. at 1, 7, respectively. Consequently, his petition is subject to review under the amendments to the habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996, ("the AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2061, 2068 (1997) (AEDPA does not apply to petitions filed before AEDPA took effect; "the new provisions of [the AEDPA] generally apply only to cases filed after the Act became effective"), *cert. denied*, 522 U.S. 1069, 118 S. Ct. 739 (1998); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997) (AEDPA applies to a petition filed by state prisoner after April 24, 1996), *cert. denied*, 525 U.S. 859, 119 S. Ct. 144 (1998); *United States v. DeLario*, 120 F.3d 580, 581 (5th Cir. 1997) (AEDPA applies to a petition filed by federal prisoner after April 24, 1996).

3

CutePDF - www.tavisa.com

The AEDPA provides that a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Section 2254(d)(1) provides the standard of review for questions of law and mixed questions of law and fact, whereas § 2254(d)(2) provides the standard of review for questions of fact. *Drinkard v. Johnson*, 97 F.3d at 767. [1] Even more specifically:

> The second subsection of (d)(1) applies to mixed questions of law and fact because it speaks of an 'unreasonable application of clearly established law.' Thus, when reviewing a mixed question of law and fact, a federal court may grant habeas relief only if it determines that the state court decision rested on 'an unreasonable application of[ ]. . . clearly established Federal law.' *Id.*

In addition, in reviewing a state prisoner's federal habeas petition, "a determination of a factual issue made by a state court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2252(e)(1). Thus unless a petitioner offers clear and convincing evidence in rebuttal, federal habeas courts are required to accept, as conclusive, both the factual findings

---

[1] *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) overruled the Fifth Circuit's holding in *Drinkard v. Johnson*, 97 F.3d 751, 770 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S. Ct. 1114 (1997), that the AEDPA applied to all habeas cases pending in federal court on or after April 24, 1996. *Green v. Johnson*, 116 F.3d 1115, 1119 (5th Cir. 1997). However, despite being overruled in part by *Lindh*, "*Drinkard* and the rest of the post-*Drinkard* progeny remain precedent in this circuit post-*Lindh* to the extent that they interpret the provisions of the AEDPA and do not conflict with *Lindh*'s conclusion that the chapter 153 amendments do not apply retroactively." *Green*, 116 F.3d at 1120 n. 2.

4

and the credibility choices of the state courts. *Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998), *cert. denied*, 526 U.S. 1041, 119 S. Ct. 1339 (1999).

### B.    *Hammett's sentence has not been unconstitutionally extended.*

Hammett contends that his constitutional rights have been violated in a variety of ways, enumerated in part IV, *supra*, because his sentence has allegedly been extended past the original ten year term of imprisonment as a result of his losing good time and street time credits. Fed. Writ Pet. at 6. Hammett's complaint is essentially that he should receive confinement time credit for all good time he accrued prior to his mandatory supervision, and for all street time that he spent out of prison on mandatory supervision release. However, Hammett's complaints are entirely without merit and must be dismissed.

#### 1.    *Hammett is not entitled to restoration of forfeited good time credits upon returning to prison as a violator.*

Hammett claims that his denial of good time credits violates the law. Fed. Writ Pet. at 6. However, a parole violator has no federal constitutional right to the reinstatement of previously forfeited good conduct time, and the failure to restore same to a parole violator does not violate due process. *Hamill v. Wright,* 870 F.2d 1032, 1036 (5th Cir. 1989) (holding that there is no federal constitutional right to the award of good conduct time credits); *Frick v. Quinlin*, 631 F.2d 37, 39 (5th Cir. 1980); *Granville v. Hogan*, 591 F.2d 323, 324 (5th Cir. 1979) (stating that it is well-established rule that parole violators forfeit their good time credits); *Lambert v. Warden, United States Penitentiary*, 591 F.2d 4, 8 (5th Cir. 1979); *see also Hallmark v. Johnson,* 118 F.3d 1073, 1079-1080 (5th Cir.) (Texas legislation rendering forfeited good time credit non-restorable does not violate *ex post facto* prohibition), *cert denied sub nom. Monroe v. Johnson*, 522 U.S. 1003, 118 S Ct. 576 (1997). A liberty interest in the reinstatement of previously accrued good conduct time credits has not been created by state law. *See Hamill* , 870 F.2d at 1037 (holding that Texas law does not provide a liberty interest in the accrual of good time credits, "and therefore, no Fourteenth Amendment right

to procedural due process in regard to such accrual" exists).  Consequently, this claim is without merit.

### 2. *Hammett is not entitled to receive credit for the time he spent on mandatory supervision.*

Hammett argues that credit for the time he spent mandatory supervision has been unlawfully denied.  However, Hammett has no right to street time credit because this Circuit has firmly established that no federal constitutional right exists to the reduction of the sentence of a parole violator for time spent on parole. *Newby v. Johnson,* 81 F.3d 567, 569 (5th Cir. 1996)*; Munguia v. United States Parole Commission*, 871 F.2d 517, 521 (5th Cir.), *cert. denied*, 493 U.S. 856, 110 S. Ct. 161 (1989)**;** *Trimmings v. Henderson*, 498 F.2d 86, 88 (5th Cir. 1974), *cert. denied*, 420 U.S. 931, 95 S. Ct. 1135 (1975);  *Starnes v. Connett*, 464 F.2d 524, 524 (5th Cir.), *cert. denied*, 409 U.S. 987, 93 S. Ct. 341 (1972);  *Betts v. Beto*, 424 F.2d 1299, 1300 (1970); *Clifton v. Beto*, 411 F.2d 1226 (5th Cir. 1969); *Campos v. Johnson*, 958 F. Supp. 1180, 1191 (W.D. Texas 1997).  Because Hammett's allegation regarding street time credit fails to state a constitutionally cognizable claim, he is not entitled to federal habeas corpus relief.

To the extent that Hammett relies on Texas law, his claim fails because the state courts have interpreted the statute adversely to his position.  Likewise, the relevant Texas parole statute has not created a state law right to such sentence credits.  The parole statute in effect at the time the controlling offense was committed, (February 17, 1984), provides in relevant part that:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

TEX. CODE CRIM. PROC. ANN.  art. 42.12 § 22 (West 1984).  The Texas Court of Criminal Appeals has interpreted this section to mean that when a parolee fails to complete the period

6

of conditional release and his parole is revoked, a parolee is not entitled to credit for time spent on parole. *Ex parte Adams*, 941 S.W.2d 136, 137 (Tex. Cr. App. 1997). Accordingly, Hammett was never entitled to receive a reduction of his sentence for the time he spent out on mandatory supervision.

"Federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). In order for a federal writ to issue, there must be a violation of "the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 480 (1991). This court must limit its opinion to whether the facts in this case present a federal constitutional violation. *Id.*, 502 U.S. at 68, 112 S. Ct. at 480. Because Hammett's claim fails to raise a federal constitutional issue, it should be dismissed on this basis alone.

More recently, the Fifth Circuit upheld the denial of credit for "street time served on parole" prior to revocation in *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996) (*citing United States v. Walker*, 710 F.2d 1062, 1070-71 (5th Cir. 1983), *cert. denied*, 465 U.S. 1005, 104 S. Ct. 995 (1984) (holding there is no statutory right to credit on a federal sentence for time spent in custody pursuant to a related state charge)). Accordingly, Hammett is not entitled to relief.

In addition, Hammett cannot argue that *ex post facto* or due process protections were violated because he did not receive notice that he would not receive credit for the time spent on mandatory supervision. Prior to his release, Hammett was required to certify that the mandatory supervision agreement and statement of rules, regulations and conditions had been read and explained to him, and that he agreed to them and consented to be bound by them upon his release. *Ex parte Hammett*, No. 42,726-02 at 48-49. Hammett certified his agreement by placing his signature at the end of the mandatory supervision release document. *Id.* at 49. The Certificate of Mandatory Supervision specifically stated the following: "*BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR*

7

CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS *MANDATORY SUPERVISION, AND THAT ALL TIME SERVED ON MANDATORY SUPERVISION SHALL BE FORFEITED.*" *Id.* (emphasis in original). Moreover, immediately above Hammett's signature is the second warning: ". . . I further understand and do agree that in the event of revocation of this release on Mandatory Supervision, time spent on Mandatory Supervision will <u>not</u> be credited to my sentence." *Id.* (emphasis in original). Thus Hammett was well aware, prior to signing the certificate, that if he violated the rules governing parole, he stood to lose all street time.[2] Moreover, Hammett cannot argue that he was denied due process because he has not had an opportunity to be heard regarding his loss of time spent out on parole. Hammett had the opportunity to be heard during his final parole revocation hearing had he chosen to raise the issue. Accordingly, Hammett's claim must fail.

### 3. *Hammett's claim that TDCJ-ID violated the separation of powers clause fails to state a claim for habeas corpus relief.*

Hammett's last point of error asserts that the TDCJ-ID is in violation of the separation of powers clause. Fed. Writ Pet. at 6. Hammett contends that TDCJ-ID has been given the power to interfere with a judicially imposed sentence. *Id.*

Hammett's allegation that the probation violates state separation of powers principles fails to state a basis for relief under federal law. Federal habeas relief is not available for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480 (1991) (federal habeas corpus relief does not lie for errors of state law (citing *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102 (1990)); *Navraiz v. Johnson*, 134 F.3d 688, 695 (5th Cir.) ("claims that the trial court improperly applied state law do not constitute an independent basis for federal habeas relief"), *cert. denied*, 524 U.S. 947, 118 S.Ct. 2364

---

[2] This was not the first time Hammett's release was revoked, and he should have been well aware of the consequences.

(1998). Federal courts "do not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law." *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994), *cert. denied*, 513 U.S. 1199, 115 S. Ct. 1272 (1995); *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir.), *cert. denied*, 502 U.S. 875, 112 S. Ct. 214 (1991); *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986). Hammett's claim that the TDCJ-ID is in violation of state separation of powers principles is without merit and should be dismissed.

### C.   *State Court Findings and Conclusions*

This court must defer to the state court determinations and deny habeas relief. The Texas Court of Criminal Appeals denied Hammett's application without a written order. *See Ex parte Hammett*, Nos. 42,726-01,-02, at covers. The Texas Court of Criminal Appeals has held that "[i]n our writ jurisprudence, a 'denial' [by the Court of Criminal Appeals] signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits."' *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Further, the state court's determinations did not result in a decision "that was contrary to, or [that] involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1) (1999). Therefore, Hammett is not entitled to habeas corpus relief.

### VII.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that Hammett's petition be dismissed with prejudice.

                          Respectfully submitted,

                          JOHN CORNYN
                          Attorney General of Texas

                          ANDY TAYLOR
                          First Assistant Attorney General

9

SHANE PHELPS
Deputy Attorney General
for Criminal Justice

ROSS RAYBURN
Assistant Attorney General
Chief, Habeas Corpus Division

*Lead Counsel

GEORGETTE HOGARTH*
Assistant Attorney General
Habeas Corpus Division
State Bar No. 24007129

P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 936-1400
(512) 936-1280 (Fax)

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Michael Hammett, petitioner, you are hereby notified that the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.

GEORGETTE HOGARTH
Assistant Attorney General

10

## CERTIFICATE OF CONFERENCE

I, Georgette Hogarth, Assistant Attorney General of Texas, do hereby certify that a conference is not possible because petitioner is incarcerated in the Texas Department of Criminal Justice, Institutional Division, and is proceeding *pro se* in this cause. Respondent assumes that petitioner will oppose this answer.

_____
GEORGETTE HOGARTH
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Georgette Hogarth, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent's Answer with Brief in Support has been served by placing same in the United States mail, postage prepaid, on this the 9th day of May, 2000, addressed to: Michael Hammett, TDCJ# 431679, Hutchins Unit, 1500 E. Langdon Rd., Dallas, TX 75241.

_____
GEORGETTE HOGARTH
Assistant Attorney General

# Exhibit A

# AFFIDAVIT

**THE STATE OF TEXAS**    §
**COUNTY OF WALKER**    §

BEFORE ME, the undersigned authority, on this day personally appeared JOHN B.WYETH, who, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed:

"My name is JOHN B. WYETH. I am over twenty-one years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am employed as Assistant to the Chairman, State Classification Committee for the Texas Department of Criminal Justice - Institutional Division, and my office is located in Huntsville, Texas. I do hereby certify that the attached information provided on inmate, **Michael Hammett, TDCJ-ID #431679,** are true and correct copies of the records now on file in my office of the Bureau of Classification & Records of the Texas Department of Criminal Justice-Institutional Division.

In witness whereof, I have hereto set my hand this the 20th day of April,2000."

My Commission Expires:

6-10-2002

JOHN B. WYETH,
Administrative Assistant to the Chairman,
State Classification Committee

SWORN TO AND SUBSCRIBED BEFORE ME, by the said JOHN B. WYETH on this 20th day of April, 2000 to certify which witness my hand and self of office.

DARLENE
WILLIAMS
Commission Expires 06-10-2002

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**Wayne Scott**
**Executive Director**

P. O. Box 99, Huntsville, Texas 77342-0099

April 20, 2000

Office of the Attorney General
Ms. Jennifer Lee
Habeas Corpus Division
P.O. Box 12548
Austin, Texas 78711

**RE:** **Michael Hammett** **TDCJ-ID# 431679**

Ms. Lee:

The files of this Agency have been reviewed in regard to inmate Michael Hammett, TDCJ-ID# 431679, pursuant to your request.

The inmate was admitted to custody on 9-17-86, with credit allowed from 6-29-86, on a 10-year sentence charged with Aggravated Robbery by the 117th District Court under cause #84-CR-300B. The inmate is charged for an offense occurring on 2-17-84, with sentencing on 8-20-86. The offense is identified as eligible for mandatory supervision release by statute and is subject to flat calculated parole eligibility status only by statute. The subject inmate was released from custody by parole on 10-30-89 to Tarrant County.

The subject inmate was returned to custody on 9-26-94, with credit allowed from 5-18-93, from Tarrant County without new charges, in violation of parole. At the point of readmission, the prisoner was charged as out of custody for a period of 3-years, 6-months and 18-days for an unsatisfactory term of parole. The inmate was again released from custody by mandatory supervision on 1-4-95 to Tarrant County.

The subject inmate was readmitted to custody on 6-18-99, with credit allowed from 1-23-99, from Tarrant County without new commitments, in violation of mandatory supervision. At the point of readmission, the prisoner was charged as out of custody for a period of 4-years and 19-days for an unsatisfactory term of mandatory supervision. The inmate was additionally penalized for the violation of mandatory supervision by the permanent forfeiture of appropriate prior earned good time credits as provided by statute and agency policy.

The subject inmate currently remains in custody with a scheduled 12-11-2000, mandatory supervision release date, a 5-31-2003 maximum expiration date, and currently parole eligible at the discretion of the Board of Pardons and Paroles with a scheduled subsequent parole eligibility review date of 12-11-2000.

Sincerely,

JOHN B. WYETH,
Administrative Assistant
To The State Classification Committee
(936) 437-6468

JBW/jw
cc: file