IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JUN - 1 2000

Michael N. Milby, Clerk of Court

MICHAEL HAMMETT
PRO-SE (PETITIONER)

V.

GARY L. JOHNSON, DIRECTOR
RESPONDANT          TDCJ

CIVIL ACTION NO. C-00-88

## PETITIONER'S REPLY TO DIRECTOR'S ANSWER

TO THE HONORABLE JUDGE OF SAID COURT;

NOW COMES, MICHAEL HAMMETT-PETITIONER, IN THIS PETITIONER'S REPLY TO DIRECTOR'S ANSWER WITH BRIEF IN SUPPORT.

### I.
### JURISDICTION

THIS COURT HAS JURISDICTION OVER THE SUBJECT MATTER AND PARTIES PURSUANT TO 28 USC § 2241 AND 2254.

### II.
### REBUTTAL OF DIRECTOR'S ANSWER

PETITIONER REFUTES MOST IF NOT ALL OF DIRECTOR'S ANSWER WITH SUPPORTING BRIEF AND WOULD ALSO HOPE TO SHOW THAT DIRECTOR'S ANSWER WAS NOT ONLY EVASIVE, BUT FILLED WITH ENOUGH FILLER MATERIAL AS TO BORDER ON BEING IN VIOLATION OF FEDERAL RULES OF CIVIL PROCEDURE, RULE 37(3), EVASIVE OR INCOMPLETE DISCLOSURE, ANSWER OR RESPONSE, WHICH COULD BE CONSIDERED A CONTEMPT OR DEFAULT TO THIS PROCEDING AS A FAILURE TO DISCLOSE, ANSWER OR RESPOND.

12.

## III.
## Petitioner's Reply with Brief

In director's, "Answer with brief in support,": Director supplies inpart, (AEDPA) that Petitioner may not obtain relief unless claim: (1) Resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; and (2) if state court decision rested on 'an unreasonable application of [ ]... clearly established federal law.'

Petitioner would re-iterate Supreme Court as well as other court rulings over cases such as this: (Please note that over half of cases cited in support of Petitioner's original memorandum to this court were Supreme Court rulings).

(1) In Wolff v. McDonnell 94 S.Ct. 2963 (1974) Supreme Court held that a state-created right to good-time credit's, which could be forfitted only for serious misbehavior, constituted a liberty interest protected by the due-process clause. That once a state has granted prisoners a liberty interest, we (they) held that due process protections are necessary "to insure that the state-created right is not arbitrarily abrogated."

Also: The United States Constitution requires that credit MUST be given for punishment already endured. Ex Parte Lange, 18 Wall. 163, 168, 21 Ld 872 (1874); Because supervised release IS punishment, it must be fully credited against defendant's sentence, U.S. v. Lominac, 144 F3d 308, 318 - (4th Cir.-1998).

As otherwise this would be considered double jeopardy. Double jeopardy precludes a second prosecution for the offense after either acquital or conviction, and forbid's multiple punishments

-2-

...for the same offense. North Carolina v. Pearce, 89 S.Ct. 2072 (1969), found at Ex Parte Queen, 883 SW2d 207 at 208 (1992).

...Also: The Fifth Circuit has determined that a statute providing for Good-Time <u>becomes a part of the sentence and anheres to the punishment acessed.</u> Pruett v. State, 468 F2d 51 at 56, 57. (1972)

...Also: If the inmates protected liberty interests' are no greater than the state chooses to allow, he is really little more than the slave described in the 19th century cases. 'I think it clear that even the inmate retains an unalienable interest in liberty... Meacham v. Fano, 96 S.Ct. 2532, 2542 and 109 S.Ct. 1904 at 1912 (note 1).

...In Hurd v. Texas, 613 SW2d 742 (1981) Refers to for judgment that in Ex Parte Esquiel, 531 SW2d 399 and Ex Parte Tarlton, 582 SW2d 155; The courts observed that "absent an escape, a sentence must be continuous and a prisoner cannot be required to serve a sentence in installments."

...Texas Criminal Law (Key) 1217 states a sentence must be continuous and a prisoner or inmate cannot be required to serve a sentence in installments, unless it is shown that a premature or unlawful release of the prisoner or inmate resulted or occured through some fault on the part of the prisoner or inmate.

...(2) Petitioner asserts that although Good-Time is an issue of this writ, that State still has failed to show "<u>LEGAL</u>" incarceration in a sentence that expired in <u>1996</u>. States own response stated, "Director has custody of Hammett," not that Director has <u>LEGAL</u> custody of Hammett pursuant to aforementioned sentence of 10 years, given by the judicial branch, in which started in <u>1986</u>! How long does an inmate have to do to complete his sentence in Texas?

-3-

ClibPDF - www.fastio.com

State cannot justify it's action's in this court as constitutional under federal law, and state's alleging that I owe even more time is clearly an aberration of fact.

## IV.
## ADDED SUPPORT AUTHORITIES

Art. II., Sect. 1 of the Texas Constitution provides for the separation of government powers among the three distinct departments'; the executive, the legislative, and the judicial. It is well established under this article that: "A power which has been granted to one department of government may be exercised ONLY by that branch to the exclusion of others... and any attempt by one department of government to interfere with the powers of another is null and void." Ex Parte Giles, 502 SW2d 744 (Tx. Cr. App.-1973); Smith v. Blackwell, 500 SW2d 97 (Tx. Cr. App.-1973).

Clemency powers embodied in the parole system are beyond the reach of interference by the (state) judicial branch, Art. IV, Sect. 11 of the Texas Constitution; and any action by the judicial branch to frustrate or delay the exercise of the power by the executive branch is as much of an unconstitutional interfernce as is an attempted usurpation of that power. See Ex Parte Giles & Smith v. Blackwell, supra, for unconstitutional grant's of authority to usurp clemency powers.

Found at Sneed v. State, 670 SW2d 262 at 268 (1984).

Petitioner contends that it's no wonder state's court's deny relief as it goes against state's own constitution, no matter how wrong or unjust. This would make the board of pardons and paroles, the judge,

-4-

JURY AND EXECUTIONER...

FURTHER MORE: ART. 42.18 §2(A) VACCP, VERNON (1988) STATUTORILY DEFINES PAROLE AS A RELEASE OF A PRISONER FROM IMPRISONMENT, BUT NOT THE LEGAL CUSTODY OF THE STATE.

MOREOVER, THE FACT THAT APPLICANT IS NO LONGER ACTUALLY CONFINED IN THE PENITENTIARY IS NOT DISPOSITIVE OF HIS STANDING BEFORE US, SINCE DURING HIS TERM OF PAROLE HE IS "IN CUSTODY" AND "CONFINED" IN TERMS OF STATUTORY CONSTRUCTION. SEE ART. 11.21, VACCP. ALSO SEE EX PARTE HENDERSON, 645 SW2d 469 (TX. CR. APP. 1983); EX PARTE PEEL, 626 SW2d 767 (TX. CR. APP. 1982); SEE AND COMPARE EX PARTE RENIER, 734 SW2d 349 (TX. CR. APP.: FOUND AT EX PARTE ELLIOT, 746 SW2d 762, 763 (FOOT-NOTES).

ALSO: A PRISONER ON MANDATORY SUPERVISION REMAINS IN THE LEGAL CUSTODY OF THE STATE. TX. LAW 42.18 §15; 92 S.Ct. 2593 SUPREME COURT HAS HELD THAT PAROLE AS WELL AS INCARCERATION CONSTITUTE CUSTODY PURPOSES OF 28 USC §2254. JAMES V. CUNNINGHAM, 83 S.Ct. 373; 96 S.Ct. 2541.

ALSO: THAT THE INDIVIDUAL POSSESSES A RESIDUM OF CONSTITUTIONALLY PROTECTED LIBERTY WHILE IN LEGAL CUSTODY PURSUANT TO A VALID CONVICTION FOR RELEASE ON PAROLE IS MERELY CONDITIONAL, AND IT <u>DOES NOT INTERUPT</u> THE STATES LEGAL CUSTODY. 96 S.Ct. 2541, 2549.

ALSO IN TEXAS § 498.001 (1) "INMATE" MEANS A PERSON IMPRISONED BY ORDER OF A COURT, WHETHER THE PERSON IS ACTUALLY IMPRISONED IN A FACILITY OPERATED BY OR UNDER CONTRACT WITH THE INSTITUTIONAL DIVISION OR IS UNDER <u>SUPERVISION</u> OR CUSTODY OF THE PARDONS AND PAROLES DIVISION.

FOUND IN VERNON'S TEXAS GOVERNMENT CODES ANN., PG. 444 (1998 EDITION). ALSO IN TEXAS § 508.081 - DEFINITIONS, (2) "INMATE" INCLUDES: (A)

-5-

AN ADMINISTRATIVE RELEASEE.

FOUND IN VERNON'S TEXAS GOVERNMENT CODES ANN., PG. 561 (1998 EDITION)

BECAUSE SUPERVISED RELEASE <u>IS</u> PUNISHMENT, IT MUST BE FULLY CREDITED AGAINST DEFENDANTS SENTENCE. U.S. V. LOMINAC, 144 F3d 308, 318 (4TH CIR.

## V.
## CONCLUSIONS

PETITIONER HAS TRIED TO BRING TO LIGHT IN THIS HONORABLE COURT, A SERIOUS, GRIEVIOUS ERROR OF HARM DONE HIM BY UNJUST PROCEDURES, IN HOPES OF FINDING RELIEF AND JUDGMENT FROM PUNISHMENT ALREADY ENDURED.

PETITIONER WOULD ASSERT THAT HE IS NOT AN LEARNED ATTORNEY BUT HAS BEEN COMPELLED THROUGH STATES ACTIONS TO BECOME VERSED ENOUGH TO INSTITUTE AND FILE THESE COMPLAINTS IN HOPES OF HIS RIGHT'S OF LIBERTY AND DUE PROCESS AS QUOTED IN THE UNITED STATES CONSTITUTION, BE HEARD AND ANHERED TO.

PETITIONER WOULD PLEASE REFER THIS HONORABLE COURT BACK TO HIS MEMORANDUM, SUBMITTED AT THE START OF THESE PROCEDINGS IN WHICH THE STATE STILL HAS NOT FULLY ANSWERED HOW HIS SENTENCE WAS LENGTHENED 'LEGALLY' IN CALENDAR YEARS FROM WHAT THE COURT'S ORDERED, AND GO FROM 10 YEARS TO 14 YEARS CALENDAR. (ALSO PLEASE SEE/REFER TO PG. 6 OF PETITIONER'S §2254 PETITION §(D)).

## VI.
## PRAYER

Petitioner pray's that this Honorable Court will see that he has completed his sentence with interest and would pray that relief be granted through this Habeas Corpus proceding, and Dei Gratia.

Respectfully Submitted,

*Michael Hammett*
Petitioner in Pro Se

## UNSWORN DECLARATION

I, MICHAEL HAMMETT, PETITIONER-PRO SE, DO HEREBY DECLARE UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

EXECUTED THIS DAY 30TH OF MAY, 2000.

RESPECTFULLY SUBMITTED,

Michael Hammett, Petitioner
1500 E. LANGDON RD.
DALLAS, TX. 75241

## CERTIFICATE OF SERVICE

I, MICHAEL HAMMETT, PETITIONER-PRO SE, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING, PETITIONER'S REPLY TO DIRECTOR'S ANSWER WITH BRIEF IN SUPPORT, AND PETITIONER'S MOTION FOR SUMMARY JUDGMENT; HAS BEEN SERVED BY PLACING SAME IN THE U.S. MAIL, POSTAGE PRE-PAID, ON THIS MAY 30TH, 2000; ADDRESSED TO:

GEORGETTE HOGARTH
ASSIST. ATT. GENERAL
HABEAS CORPUS DIVISION
P.O. BOX 12548, CAPITOL STA.
AUSTIN, TX. 78711-2548

RESPECTFULLY,

Michael Hammett, Petitioner