United States District Court
Southern District of Texas
ENTERED
JUN 0 9 2000
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL HAMMETT | § | |
| | § | |
| VS. | § | C.A. NO. C-00-088 |
| | § | |
| GARY JOHNSON | § | |

## MEMORANDUM AND RECOMMENDATION
## ON RESPONDENT'S MOTION TO DISMISS
## AND PETITIONER'S MOTION FOR SUMMARY JUDGMENT

In this habeas corpus action, petitioner Michael Hammett ("Hammett") challenges his current custody in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID") claiming that he is being illegally held in custody past his ten year sentence because he has been denied earned good time and street time credits (DE #1). Respondent moves to dismiss[1] on the grounds that Hammett has failed to allege a constitutional violation (DE #8). Hammett has filed a response to the motion to dismiss (DE #12) and moves for summary judgment (DE #13). For the reasons stated herein, it is recommended that respondent's motion to dismiss be granted, that Hammett's motion for summary judgment be denied, and that Hammett's petition be dismissed.

### I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

---

[1] Respondent filed an answer in which he moved for dismissal (DE #8). Respondent's answer was construed as a motion to dismiss, and Hammett was provided forty-five days to file a response (DE #11).

## II. BACKGROUND

By indictment filed March 30, 1984, Hammett was charged with the felony offense of aggravated robbery. Ex parte Hammett, Appl. No. 42,726-02[2] at 75. Hammett pled guilty to the aggravated robbery charge in Cause No. 84-CR-300-B, styled The State of Texas v. Michael Hammett, in the 117th Judicial District Court of Nueces County, Texas, and on August 23, 1984, a jury assessed punishment at ten years imprisonment in the TDCJ-ID. Ex parte Hammett, Appl. No. 42,726-01 at 94-95. The jury recommended that Hammett's confinement be probated for ten years. Ex parte Hammett, Appl. No. 42,726-01 at 94. Hammett did not appeal his aggravated robbery conviction. FP[3] at 2.

On August 20, 1986, Hammett's probation was revoked and the original punishment of ten years imprisonment was imposed. Ex parte Hammett, Appl. No. 42,726-02 at 55-56.

After serving almost three years on his sentence, on October 30, 1989, Hammett was released on parole. Ex parte Hammett, Appl. No. 42,726-02 at 38-39. Four years later, on October 15, 1993, the Board of Pardons and Parole revoked Hammett's parole and Hammett was returned to the TDCJ-ID. Ex parte Hammett, Appl. No. 42,726-02 at 46.

---

[2] Copies of Hammett's two state applications for habeas corpus relief, Ex parte Hammett, Appl. Nos. 42,726-01 and -02, are filed in this action at DE #9.

[3] "FP" refers to Hammett's federal petition, DE #1. Attached to Hammett's federal petition is a three page "Memorandum" and it is referred to herein as "Mem." with a page reference. Also attached to Hammett's federal petition is a copy of his second state habeas corpus application, and it is referred to as "Att." with a page reference. "FR" refers to Hammett's response to respondent's motion to dismiss (DE #12).

2

On January 4, 1995, Hammett was released to mandatory supervision. Ex parte Hammett, Appl. No. 42,726-02 at 48-49. On May 17, 1999, the Board of Pardons and Parole revoked Hammett's mandatory supervision. Ex parte Hammett, Appl. No. 42,726-02 at 55.

On July 20, 1999, Hammett filed his first state application for habeas corpus relief. Ex parte Hammett, Appl. No. 42,726-01 at 2. Hammett argued that he was being unlawfully denied street time credit for time spent on parole[4] from January 4, 1995 through January 19, 1999. Ex parte Hammett, Appl. No. 42,726-01 at 2-5. On September 22, 1999, the Texas Court of Criminal Appeals denied his application without written order on the findings of the trial court without a hearing. Ex parte Hammett, Appl. No. 42,726-01 at cover.

On November 29, 1999, Hammett filed his second state application for habeas corpus relief. Ex parte Hammett, Appl. No. 42,726-02 at 2. In his second application, Hammett argued, *inter alia*, that his current custody violated due process because he had been denied earned good time credits without a due process hearing and that his certificates of parole and of mandatory supervision were illegal contracts that he signed under duress such that he was entitled to his street time while on parole and mandatory supervision. Ex parte Hammett, Appl. No. 42,726-02 at 3-12. On January 19, 2000, the Texas Court of Criminal Appeals denied the

---

[4]Hammett states that he was on parole, but in fact, he was on mandatory supervision at that time. See Ex parte Hammett, Appl. No. 42,726-01 at 48-49, 55.

application without written order.  Ex parte Hammett, Appl. No. 42,726-02 at cover.

Hammett filed the instant federal on petition on February 28, 2000.

### III.  PETITIONER'S ALLEGATIONS

Hammett claims that he is being illegally detained past his original ten year sentence and that he is entitled to credit on his sentence on the following grounds:

1. He has been deprived of earned good time credits without due process, FP at 5, Mem. at 1, Att. at 2-5;

2. His parole and mandatory supervision certificates are invalid contracts such that he is entitled to credit for street time while on parole and mandatory supervision, FP at 5, Mem. at 1, Att. at 5-9;

3. The State is applying new laws to the administration of his sentence, in violation of the ex post facto laws, FP at 6, Mem. at 1; and

4. The TDCJ-ID's failure to credit Hammett's sentence violates the separation of powers clause of the Texas Constitution and impermissibly extends his sentence beyond that imposed by the trial court, FP at 6, Att. at 11-12, and FR at 4-6.

### IV.  EXHAUSTION OF STATE COURT REMEDIES

Hammett has presented the claims raised herein to the state courts, and as such, these claims have been exhausted as required by 28 U.S.C. § 2254(b) and (c).  See also Thomas v. Collins, 919 F.2d 333, 334 (5th Cir. 1990), cert. denied, 501 U.S. 1235, 111 S. Ct. 2862 (1991).

4

## V. <u>DISCUSSION</u>

A.  **Federal Habeas Corpus review**.

A state prisoner seeking federal court review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. <u>Gray v. Lynn</u>, 6 F.3d 265 (5th Cir. 1993). A federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States. <u>Boyd v. Scott</u>, 45 F.3d 876 (5th Cir. 1994), <u>cert. denied</u>, 514 U.S. 1111, 115 S. Ct. 1964 (1995).

Under the 1996 amendments to the federal habeas corpus statute,[5] which took effect April 24, 1996,[6] a state prisoner may not obtain relief unless the state adjudication of the claim

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

28 U.S.C. § 2254(d) (West 1997). See also <u>Drinkard v. Johnson</u>, 97 F.3d 751, 767-68 (5th Cir. 1996), <u>cert. denied</u>, 520 U.S. 1107, 117 S. Ct. 1114 (1997).

Further, in review of a state prisoner's federal habeas petition, "a determination of a factual issue made by a State court

---

[5] These amendments are embodied in the Antiterrorism and Effective Death Penalty Act of 1995, ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.

[6] Hammett's petition was filed on February 28, 2000, and as such, is subject to the provisions of the AEDPA. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S. Ct. 2059 (1997).

5

shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Unless a petitioner offers clear and convincing evidence in rebuttal, federal habeas courts are required to accept as conclusive both the factual findings and the credibility choices of the state courts. Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998), cert. denied, 119 S. Ct. 1339 (1999).

**B.   Analysis of Hammett's claims.**

   **1.   Good time credits.**

In his first claim for relief, Hammett argues that he is entitled to credit on his sentence for any good time credits he earned while in prison from the beginning of his incarceration up until January 4, 1995, the date he was released to mandatory supervision. This claim fails to raise a claim under federal constitutional law.

Since 1977, Texas law has provided that good conduct time credits are "a privilege and not a right" and "appl[y] only to eligibility for parole or mandatory supervision," rather than an actual reduction in an inmate's sentence. Tex. Rev. Civ. Stat. Art. 6181-1 § 4, now Tex. Gov't Code § 498.003(a)(Vernon 1998). See also Ex parte Montgomery, 894 S.W.2d 324 (Tex. Crim. App. 1995) (inmate has no absolute right under due process clause to have lawfully forfeited good conduct time credits restored).

The Texas Government Code provides that previously accrued

6

good time credits are forfeited upon return to TDCJ following revocation of parole or mandatory supervision. Gov. Code § 498.004(b)(Vernon 1998).

Moreover, a parole violator has no federal constitutional right to the reinstatement of previously forfeited good conduct time credits, and the failure to restore such credits does not violate due process. <u>Hallmark v. Johnson</u>, 118 F.3d 1073, 1079-80 (5th Cir. 1997)(no protected liberty interest in the restoration of forfeited good time credits).

Hammett's claim that he is entitled to credit on his sentence for good time credits earned prior to his release to mandatory supervision fails to allege a constitutional violation and he is not entitled to relief on this claim. Moreover, Hammett fails to establish that the state court's decision denying his claim was contrary to clearly established federal law, or involved an unreasonable determination of the facts in light of the evidence, and Hammett is not entitled to habeas corpus relief.

2. **Mandatory supervision.**

In his second claim, Hammett contends that he is entitled to credit on his sentence for his street time while he was on released on mandatory supervision, from January 4, 1995, through May 17, 1999, because he was still "in custody" of the TDCJ-ID during that time.

Texas law is clear: when parole or supervised release is revoked, a parolee is not entitled to credit for time spent on parole or supervised release. <u>Ex parte Adams</u>, 941 S.W.2d 136, 137

7

(Tex. Crim. App. 1997) (en banc). In fact, the relevant Texas parole statute in effect at the time Hammett was convicted of aggravated robbery specifically provided that, if an an offender's parole, mandatory supervision, or conditional pardon was revoked, the offender could be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the date of his release to the date of revocation. Tex. Code. Crim. P. Ann. art. 42.18 § 14(a) now Tex. Gov't Code Ann. § 508.281, amended section 14(f)(Vernon 1998). Hammett is not entitled to credit on his sentence for street time following the revocation of his mandatory release.

Moreover, the loss of street time does not give rise to a federal habeas corpus claim. See <u>Newby v. Johnson</u>, 81 F.3d 567, 569 (5th Cir. 1996) (claim challenging loss of street time upon revocation of parole fails to demonstrate denial of a federal right).

Hammett's claim that he is entitled to credit on his sentence for time spent on mandatory supervision fails to allege a constitutional violation and he is not entitled to relief on this claim. Moreover, Hammett fails to establish that the state court's decision denying his claim was contrary to clearly established federal law, or involved an unreasonable determination of the facts in light of the evidence, and he is not entitled to habeas corpus relief.

3. **Ex post facto claim.**

Hammett contends that the TDCJ-ID has retroactively applied "new laws" to the administration of his sentence to deny him street

8

time credit for time spent on parole and mandatory release. As noted above, the law in effect at the time Hammett's parole was revoked, as well as at the time of the revocation of his mandatory supervision, provided that he would not receive credit for time spent on parole or mandatory release in the event of revocation. In addition, Hammett cannot argue that ex post facto or due process protections were violated because he received notice that he would not receive credit for the time spent on parole or mandatory release in the event such release was revoked. Both the certificate of parole and the certificate for mandatory release, each signed by Hammett, provide that if he violates the conditions of his release "all time served on parole [or mandatory supervision] shall be forfeited." See Ex parte Hammett, Appl. No. 42,726-02 at 38, 48. His ex post facto claim is without merit.

4.  **Separation of powers.**

In his final claim, Hammett argues that the TDCJ-ID is violating the separation of powers clause of the Texas Constitution by extending his sentence beyond the trial court's original ten year sentence. That is, he claims that one branch of the Texas government is violating the province of another in violation of Texas law. This allegation fails to state a basis for relief under federal law.

Federal habeas relief is not available for errors of state law. See Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475, 480 (1991) (federal habeas corpus relief does not lie for errors of state law); Wilkerson v. Whitley, 16 F.3d 64, 67 (5th Cir. 1994), cert. denied, 502 U.S.875, 112 S. Ct. 214 (1991)(federal courts "do

not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law"). But see <u>Calloway v. Blackburn</u>, 612 F.2d 201 (5th Cir. 1980)(addressing petitioner's claim that state supreme court violated separation of powers doctrine).

Moreover, this claim is without merit because the TDCJ-ID has not acted to extend Hammett's sentence. Hammett has yet to serve ten years in prison. His probation, parole, and mandatory release have all been revoked, and he is not entitled to credit on his sentence for street time following revocation. Hammett has been provided with all credits on his sentence to which he is entitled, and his claim that the TDCJ-ID is in violation of state separation of power principles fails to allege a constitutional violation. Moreover, Hammett fails to establish that the state court's decision denying his claim was contrary to clearly established federal law, or involved an unreasonable determination of the facts in light of the evidence. Hammett is not entitled to habeas corpus relief on this claim.

## VI. **RECOMMENDATION**

Hammett fails to raise a constitutional claim upon which habeas corpus relief can be granted. Moreover, Hammett fails to demonstrate that the state court's decisions denying his claims were contrary to clearly established federal law, or involved an unreasonable determination of the facts in light of the evidence. For these reasons, it is recommended that respondent's motion to

10

dismiss be granted, that Hammett's motion for summary judgment be denied, and that Hammett's petition be dismissed.

Respectfully submitted this \_\_7\_\_ day of June, 2000.

.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

11

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

12