IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED
JUN 22 2000
MICHAEL N. MILBY CLERK

MICHAEL HAMMETT
PETITIONER-PRO SE

V.                                    CIVIL ACTION NO. C-00-88

GARY L. JOHNSON, DIRECTOR
RESPONDANT        TDCJ

## OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

TO THE HONORABLE JUDGE OF SAID COURT;

COMES NOW, MICHAEL HAMMETT, PETITIONER-PRO SE, TO BE HEARD WITH HIS OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING THIS CASE.

28 USC 636(b)(1)(c) - A JUDGE OF THE COURT MAY ACCEPT, REJECT, OR MODIFY, IN WHOLE OR IN PART, THE FINDINGS OR RECOMMENDATIONS MADE BY MAGISTRATE JUDGE. JUDGE MAY ALSO RECEIVE FURTHER EVIDENCE OR RECOMMIT MATTER TO MAGISTRATE JUDGE WITH INSTRUCTIONS.

### I.

FIRST AND FOREMOST, PETITIONER WOULD QUOTE TEXAS LAW:

§ 508.143 - LEGAL CUSTODY OF RELEASEE

(b) A RELEASEE ON MANDATORY SUPERVISION IS IN THE LEGAL CUSTODY OF THE STATE.

§ 508.147 - RELEASE TO MANDATORY SUPERVISION

(b) AN INMATE RELEASED TO MANDATORY SUPERVISION IS CONSIDERED TO BE RELEASED ON PAROLE.

§ 508.148 - PERIOD OF MANDATORY SUPERVISION

(b) THE TIME SERVED ON MANDATORY SUPERVISION IS COMPUTED AS CALENDAR TIME.

THESE FOUND IN VERNON'S TEXAS GOVERNMENT CODES - 1998 EDITION

16.

Now in 107 S.Ct. 2415, Board of Pardons V. Allen (1987) it stated that constitutionally protected Liberty Interest encompasses far more than interest conferred by language in state statutes. USCA Const. Amends. 5, 14; 42 USCA §1983; MCA 46-18-404(1), 46-23-107, 46-23-201(2), 46-23-202(1).

## II.

Magistrate Judge's statement in Part II., Background, pg. 2, 3rd paragraph, stating petitioner spent "almost 3 years" is in error when in fact petitioner spent 40 months (3 years, 4 months) on his sentence before his parole. He has since nearly, day for day, done his sentence in incarceration, per in installments, with no new convictions.

This was not an accurate reflection of total time done by petitioner. (See Exhibit A - Recent time sheet) COPY NOT SENT TO STATE.

## III.

It has been held that the credit for previously served time "is served" as mandated by the Double Jeopardy Clause of the U.S. Constitution, Sections: Criminal Law 1571, 1216, 1709 CJS; any period served by petitioner of parole, mandatory supervision, conditional release is deemed; "service of his sentence." See Criminal Law 1570, CJS 24, Criminal Law 1458. "A sentence for a designated period," such as a 10 year sentence, means a "continuous sentence" unless it is interrupted by some action of applicant such as escape. §508.148 - Mandatory supervision is computed as calendar time.

Justice Holmes in writing the opinion for the U.S. Supreme Court in the case of, The Commonwealth of Massachusetts V. William Walker, delivered in his decision, "That when a sentence starts, nothing may stop it. Even though a prisoner may escape, the number

OF DAYS HE IS AT LIBERTY COUNT ON HIS SENTENCE, ALTHOUGH AN ADDITIONAL SENTENCE MAY BE IMPOSED AFTER THE ESCAPE, A PERSON MAY BE SEPARATED 100 MILES FROM PRISON BUT THE NUMBER OF DAYS HE IS SEPARATED COUNT ON HIS SENTENCE. IF THIS WERE NOT TRUE, A 5 YEAR PRISON TERM COULD BE MADE TO LAST A LIFE-TIME. IN AS MUCH AS THERE IS NO STIPULATION IN THE PAROLE LAWS WHICH STATE THAT A MAN SHALL NOT BE PAROLED MORE THAN ONCE ON A SENTENCE, THEREFORE, IT IS UNDERSTOOD THAT IF A MAN GIVEN A 5 YEAR SENTENCE IN 1940, THE COURT STIPULATES THAT THE SENTENCE WILL AUTOMATICALLY EXPIRE IN 1945 REGARDLESS OF WHERE HE MAY BE. IF A PRISONER VIOLATES HIS PAROLE IT IS ENTIRELY UP TO THE BOARD OF PARDONS & PAROLES AUTHORITIES TO RETURN HIM TO PRISON. IF HOWEVER HE DOES EVADE THEM INTENTIONALLY OR OTHERWISE UNTIL THE EXPIRATION OF HIS SENTENCE, THEN THEY HAVE NO FURTHER JURISDICTION OVER HIM. <u>MORRISEY V. BREWER</u>, 408 US 471, 92 S.Ct. 2593. AS THIS COURT CAN PLAINLY SEE, THIS IS A CASE WHERE A SENTENCE FOR 10 YEARS, THAT BEGAN IN 1986, WHICH SHOULD HAVE EXPIRED IN 1996, IS NOT ONLY STILL RUNNING, BUT IS NOW SAID TO EXTEND TO THE YEAR 2003, THUS FORCING THIS SENTENCE TO BE SERVED IN INSTALLMENTS EQUALLING 17 YEARS WHICH IS AGAINST THE LAWS OF LIBERTY, DUE PROCESS AND BORDERS ON CRUEL AND UNUSAL PUNISHMENT.

<u>IV.</u>

THE TEXAS MANDATORY SUPERVISION CERTIFICATE IS VOID AS INITIO BECAUSE IT CONTAINS THE ESSENTIAL CONDITION THAT IN THE EVENT OF REVOCATION, TIME SPENT ON MANDATORY SUPERVISION <u>WILL NOT BE CREDITED</u> TO THE SENTENCE. THIS STIPULATION WHICH REQUIRES ALL TIME SERVED ON MANDATORY SUPERVISION BE FORFEITED IS <u>PROHIBITED</u> BY THE TEXAS "<u>ONE CONTINUOUS PERIOD OF DISCHARGE</u>" RULE. THE FORFEITURE OF STREET-TIME WOULD RE-QUIRE THE SENTENCE TO BE SERVED IN INSTALLMENTS, WHICH IS A

VIOLATION OF TEXAS LAW.

A CONTRACT (WHICH IS BASICALLY WHAT THE MANDATORY SUPERVISION CERTIFICATE IS) THAT IS VIOLATIVE OF COMMON LAW IS AN OBVIOUS OBSTRUCTION OF JUSTICE. THE MANDATORY CERTIFICATE IS UNCONSCIONABLE AND THEREFORE IN ITS INCEPTION. THE STANDARD FOR EVALUATING AN UNCONSCIONABLE CONTRACT CLAIM COMES FROM WADE V. AUSTIN, 524 SW2d 79 (TX. CIV. APP. 1975).

IN EXAMING THE FOUR PART TEST, THE PETITIONER MAINTAINS THAT:

(1) NO ALTERNATIVE TO THE CONTRACT EXISTED EXCEPT CONTINUED INCARCERATION

(2) NO BARGAINING ABILITY EXISTED AT THE TIME OF MAKING THE CONTRACT (NOTE: PETITIONER WAS "ORDERED" RELEASED AS PER MANDATORY PREDICATES)

(3) THE "CONTRACT" IS ILLEGAL AND AGAINST PUBLIC POLICY BECAUSE IT CONTAINS THE STIPULATION OF STREET-TIME FORFEITURE UPON REVOCATION, WHICH IS PROHIBITED, EX PARTE MORRIS, 626 SW2d 754 (TX. CR. APP. 1982). UNDER TEXAS LAW, A SENTENCE MUST BE CONTINUOUS AND A PRISONER OR INMATE CANNOT BE REQUIRED TO SERVE HIS SENTENCE IN INSTALLMENTS, UNLESS IT IS SHOWN THAT A PREMATURE OR UNLAWFUL RELEASE OF THE PRISONER OR INMATE RESULTED OR OCCURRED THROUGH SOME FAULT ON THE PART OF THE PRISONER OR INMATE. ALSO MORRIS, SUPRA.

(4) THE CONTRACT IS OPPRESSIVE AND UNREASONABLE BECAUSE IT FORCES THE PRISONER TO SIGN AWAY ALL "EARNED" COMMUTATION TIME AND AGREE TO FORFEIT ALL STREET-TIME UPON REVOCATION IN EXCHANGE FOR HIS LIBERTY. PRISONERS ARE NOT LEGALLY BOUND OR REQUIRED BY LAW TO FORFEIT ANY "EARNED" COMMUTATION TIME OR STREET-TIME. NO CONTRACT SHOULD BE ABLE TO JUSTIFY THE INTERRUPTION OF THE "ONE CONTINUOUS PERIOD OF DISCHARGE," BY ALLOWING FOR STREET-TIME FORFEITURE. ONCE THE JUDGEMENT HAS BEEN RENDERED, THE SENTENCE SHOULD BE CONTINUOUS. IT WOULD BE UNCONSTITUTIONAL TO EXTEND THE LENGTH OF A SENTENCE.

ALSO OF NOTE: THE IN-QUESTION CERTIFICATE WAS SIGNED UNDER DURESS AND IS VOIDABLE BY THE APPLICANT AT IT'S INCEPTION.

-4-

Duress is a valid ground for cancelation of instruments. The question of what constitutes duress is a matter of law, but the question of whether it exist in a particular situation is generally a question of fact. Pierce V. Estate of Haverlah, 428 SW2d 422. Restraint, intimidation, or compulsion is sufficient to constitute duress. Goodram V. State, 158 SW2d 81.

## V.

The Magistrate Judges failure to address the time issues involved, as well as to see through the State's excesses in Due Process, Ex Post, and other unconstitutional Procedures, do indeed present a solid Liberty issue for this Court to address.

These error's, deemed by the magistrate judge as error's of state law, are grievous enough to cause Liberty issues that Petitioner has failed to find relief in state court's; therefore seek's federal intervention.

§636(b)(1)(A) in part say's a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the Magistrate's order is clearly erroneous or contrary to law.

Supreme Court has effectively held "that the individual possesses a residuum of constitutionally protected liberty while in legal custody pursuant to a valid conviction, for release on parole is merely conditional, and it does not interrupt the state's legal custody." 427 US at 232, 96 S.Ct. 2541-42, 740 SW2d 771.

The State of Texas is wholly bound by the laws and Constitution of the United States, Harris V. T.D.C.J., 806 F. Supp. 627.

The State cannot immunize conduct that violates the U.S. Constitution Smith V. Travis County, 791 F. Supp. 1170.

Petitioner states that the arbitrary action of the State

Taking petitioner's street-time accumulated on mandatory supervision is depriving petitioner of a liberty interest. For §508.143(b) a releasee while on mandatory supervision is in the legal custody of the state and §508.148(b) time served on mandatory supervision is computed as calendar time.

Parole is release of a prisoner from imprisonment, but not from "legal custody" of the state. Jimenez v. Maloney, 646 SW2d 673. In Bohannan v. TBCJ, 942 SW2d 113 (1997), sovereign immunity does not prevent the assertion of a claim alleging that the state deprived the plaintiff of property without due process of law. The Bill of Rights protects a citizen from the state's excesses. Just as the state may not assert sovereign immunity to avoid a claim that property was taken without compensation. Steele v. Houston, 603 SW2d 786, 791 (Tx. 1980). The state may not assert sovereign immunity to avoid a claim that it took property without due process of law. Although there is no cause of action for damages, a plaintiff whose constitutional rights have been violated may sue for equitable relief. Beaumont v. Bouillion, 896 SW2d 143, 150 (Tx. 1995).

## VI.
## Conclusion

Your Honor, it is plainly apparent by all the evidence presented by petitioner, the state statutes involved which create the liberty interest, all the cases ruled upon in the state of Texas and in the United States Supreme Court, that the petition should be granted in favor of the petitioner.

Res Ipsa Loquitur - The record is plain to see and the petitioner has ALL prior rulings on his side not to have to serve his time; 10 years, from 1986 to 1996; in installments, and for the magistrate judge in this case to present your honor with the report

AND RECOMMENDATION THAT SHE DID, SHOWS A COMPLETE LACK OF INTERPRETATION OF LAW AND FURTHER SHOWS BIAS OR PREJUDICE PURSUANT TO 28 USC §144, AND THE REPORT AND RECOMMENDATION SHOULD BE HELD WITHOUT MERIT AND THE REQUEST FOR RELIEF BE GRANTED AS A MATTER OF LAW.

RESPECTFULLY SUBMITTED,

*Michael Hammett*
PETITIONER-PRO SE

### UNSWORN DECLARATION

I, MICHAEL HAMMETT, PETITIONER-PRO SE, DO HEREBY DECLARE UNDER PENALTY OF PERJURY, THAT THE FORGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

EXECUTED THIS DAY OF 20TH, JUNE, 2000.

RESPECTFULLY SUBMITTED,

*Michael Hammett*
1500 E. LANGDON RD.
DALLAS, TX. 75241

### CERTIFICATE OF SERVICE

I, MICHAEL HAMMETT, PETITIONER-PRO SE, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING, OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, HAS BEEN SERVED BY PLACING SAME IN THE U.S. MAIL, POSTAGE PAID, ON THIS JUNE 20TH, 2000; ADDRESSED TO:

GEORGETTE HOGARTH
ASSIST. ATT. GENERAL
HABEAS CORPUS DIVISION
P.O. BOX 12548, CAPITOL STA.
AUSTIN, TX. 78711-2548

RESPECTFULLY,

*Michael Hammett*

-7-

```
                 T. D. C. J.    T                      D        I O N
              DATE  6/08/00              BOARD OFFICE              TIME 10:40:35
TDCJID: 00431677  NAME: BARNETT, MICHAEL                       UNIT HUTCHINS
SENT. BEGIN DATE 06/29/1986   TDC REC TDC DATE 09/11/1986
INMATE STATUS TIME CLASS  I1                       LAST    REQUEST 06/08/00

        SENT. OF RECORD           00010 YRS 00 MOS 00 DAYS    MAND SUPV  PAROLE
        FLAT TIME SERVED          00002 YRS 00 MOS 09 DAYS     070 %      070 %
        GOOD TIME EARNED          00003 YRS 00 MOS 17 DAYS     020 %      020 %
        WORK TIME EARNED          00000 YRS 00 MOS 00 DAYS     000 %      000 %

        MAND SUPV TIME CREDITS    00009 YRS 00 MOS 26 DAYS     090 %
        PAROLE TIME CREDITS       00009 YRS 00 MOS 26 DAYS                090 %
        DISCHARGE DATE WITH COMMUTATION AND TRUSTY TIME 12/11/2000

  JAIL GOOD TIME RECD YES            NUMBER OF DETAINERS 00
  GOOD TIME LOST 00090 DAYS          WORK TIME LOST 00000 DAYS
  PAROLE STATUS    DPP DAY                                TM CALC DATE 05/23/1998


*MANDATORY SUPERVISION PROSPECT
REQUEST
CONDUCT RECORD
```

```
  2000
  1986
 -----
14 YRS. ON A 10YR SENTENCE
```

EXHIBIT "A"

Page: 1 Document Name: untitled

```
NAME: HAMMETT, MICHAEL                          DATE: 12/09/99    TIME: 08:21:27
TDC NUMBER: 0043l679
PRIOR NUMBER:                    MAX SENTENCE: 0010 00 00        OFFENSES: 1
RACE/SEX/CUST: W/M      MI       PRJ REL DATE: 12 11 2000        JAIL DATE: 05 22 98
STATUS: A RS HJ L2 C    DSP      MAX EXP DATE: 05 31 2003        TDC REC DTE: 09 17 86
DATE ASSIGNED: 08 24 99                         SENTENCE BEGIN DATE: 06 29 86
RSN ASSIGNED: ASSIGNMENT                                         DAYS CREDITED
STATUS DATE: 08 29 99            AS OF 12/09/99                  AS OF 08 29 99
MEDICAL CLASS: 9                 FLAT TIME: 0006 06 09                    2281
LEGISLATURE: 65TH                GOOD TIME: 0001 05 17                    451  R C
APPEAL/PROB CD:                  WORK TIME: 0000 00 00     43              0
RESTIT/REPAR: NOT REQ            BONUS TIME: 0000 01 29 E   OC B           60
JAIL GD TM RCD: YES              TOTAL TIME: 0008 01 25                   2792  <
MANDATORY SUPV CALC CD: Y        PMA93 CANDIDATE: N    PMA93 POOL: N
PAROLE CALC CD: FLAT & GOOD      VOTED PAROLE ACTION/DATE:
SB1167 REVIEW DTE: 00 00 00      TDC CAL INITIAL PAROLE REVIEW DATE: 05 22 1993
TIME LOST DATE: 08 29 99
GOOD/WORK LOST: 90   0 DAYS- (OFFENSE OF RECORD)
GOOD/WORK LOST: 90   0 DAYS- (WORST OF ANY OFFENSE)
OUT OF CUSTODY: 2528 DAYS     PHOP:
ENTER NEXT TDC NUMBER                          TO CALCULATE CLEMENCY DATE
OR NEXT SID NUMBER                             ENTER SCHEDULED RELEASE DATE MMDDYY
TIME LEFT TO SERVE
```

THESE ARE DAYS ON MANDATORY SUPERVISION CUSTODY →

THESE ARE INCARCERATION CUSTODY

Date: 12/9/99  Time: 08:19:33 AM