IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL HAMMETT | § | |
| | § | |
| VS. | § | C.A. NO. C-00-88 |
| | § | |
| GARY L. JOHNSON | § | |

## ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

Petitioner Michael Hammett ("Hammett") filed his § 2254 petition for habeas corpus relief on February 28, 2000 (DE #1). Respondent moved to dismiss (DE #8) and by Order and Final Judgment entered June 28, 2000, Hammett's petition was dismissed on the grounds that his claims seeking good time and street time credit on his sentence failed to raise a constitutional violation (DE #18, DE #19). Pending is Hammett's motion for extension of time to file notice of appeal, placed in the prison mail system on July 16, 2000 (DE #22). For the reasons stated herein, Hammett's motion for an extension of time to file a notice of appeal is GRANTED.

Rule 4(a), Fed. R. App. P., provides that a notice of appeal in civil cases such as this must be filed within thirty (30) days of the entry of the judgment or order appealed from. Fed. R. App. P. 4(a). The rule provides further that the time for filing the notice of appeal can be extended by the district court for a period of up to 30 days, upon a showing of excusable neglect or good cause. Fed, R. App. P. 4(a)(5)(A).

The Fifth Circuit discussed the meaning of "excusable neglect" in <u>Halicki v. Louisiana Casino Cruises, Inc.</u>, 151 F.3d 465, 468 (5th Cir. 1998), <u>cert. denied</u>, 526 U.S. 10005, 119 S. Ct. 1143 (1999),

and adopted the excusable neglect standard set forth in <u>Pioneer Investment Services Co. v. Bruswick Associates Ltd. Partnership</u>, 507 U.S. 380, 113 S. Ct. 1489:

> [T]he determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

<u>Pioneer Investment Services Co.</u>, 507 U.S. at 395, 113 S. Ct. at 1489 (1993).

In <u>Halicki</u>, the Fifth Circuit found that the movant's misconstruction of the procedural rules did not constitute excusable excusable neglect. <u>Halicki</u>, 151 F.3d at 470. In <u>Tuley v. Heyd</u>, 492 F.2d 788 (5th Cir. 1974), the Fifth Circuit declined to rule on the appellee's motion to dismiss the appeal as untimely where the prisoner filed a notice of appeal seven days late, submitting the notice two days after learning that his court appointed counsel had withdrawn. The Fifth Circuit remanded the case for the district court to determine whether such facts constituted excusable neglect to render the notice of appeal timely. <u>Tuley</u>, 492 F.2d at 789.

In this case, Hammett states that he did not receive notice of of the Court's order dismissing his petition until July 15, 2000, because he was being transferred from one prison facility to another. Hammett states that, because of the initial delay in getting notice of the disposition of his petition, he is now at an "extreme disadvantage" to timely file a notice of appeal and needs an extension of time to get his papers in order for the appeal.

2

Applying the standard set forth in <u>Pioneer</u> to the instant case, Hammett has established excusable neglect to justify an extension of time to file his notice of appeal. Hammett has timely moved for an extension of time. The potential impact on the judicial proceedings, if any, is minimal. The delay, caused by Hammett's transfer from one prison unit to another, was not within his control. Finally, Hammett has demonstrated good faith by seeking the extension of time in a timely fashion. For these reasons, Hammett's motion for an extension of time to file his notice of appeal is GRANTED. Hammett is granted an extension of time until August 14, 2000, to file his notice of appeal. Fed. R. App. P. 4(a)(5)(A) and (C).

ORDERED this 26 day of July, 2000.

JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

3

ClibPDF - www.fastio.com