IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MICHAEL HAMMETT,
PETITIONER - PRO SE

VS.                          CA NO. C-00-88

GARY JOHNSON, DIRECTOR
RESPONDANT      TDCJ

*U.S. COURT OF APPEALS RECEIVED AUG 14 2000 NEW ORLEANS, LA*

*United States District Court Southern District of Texas FILED AUG 14 2000 MICHAEL N. MILBY CLERK*

## MOTION TO FILE NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT;

    COMES NOW MICHAEL HAMMETT, PETITIONER IN PRO SE, WITH THIS, MOTION TO FILE NOTICE OF APPEAL, IN WHICH PETITIONER WOULD REQUEST BE GRANTED A CERTIFICATE OF APPEALABILITY AND THAT THE FILE RECORD FROM DISTRICT COURT BE FOREWARDED TO THE 5th CIRCUIT COURT OF APPEALS AS STATED IN FEDERAL RULES APPELLANT PROCEDURE, RULE 11(b)(2).

    RESPECTFULLY SUBMITTED,

    *Michael Hammett*
    PETITIONER IN PRO SE

26.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MICHAEL HAMMETT
PETITIONER - PRO SE

VS.                                          CA NO. C-00-88

GARY JOHNSON, DIRECTOR
RESPONDANT      TDCJ

## Petitioner's Brief of Cause for Appeal

In this habeas corpus petition, filed by Michael Hammett in pro se, Petitioner has challenged his current custody in the Texas Dept. of Criminal Justice (TDCJ), alleging incarceration going beyond his original sentence and contends that sentence could not be extended in absence of a new conviction and sentence. That by the lengthing of sentence, TDCJ has violated U.S. Constitutional Amendments 5, 8 and 14.

Petition was dismissed by district judge on grounds given in Magistrate Judges Memorandum and Recommendation which asserted that Petitioner failed to show a constitutional violation. This decision was based on unreasonable and undetermined facts in light of what was used in state court. Petitioner respectfully request an appeal to the 5th Circuit Court of Appeals.

## I. Jurisdiction

The court has jurisdiction over subject matter and parties pursuant to 28 USC §§ 2241, 2254. That challenge to credit for time served arises out of process issued by court and is properly addressed under § 2254. Newby v. Johnson, 81 F.3d 567 (5th Cir. 1996) Wilson v. Foti, 832 F.2d 891 (5th Cir. 1987).

-1-

## II. DISCUSSION OF CASES

IN U.S. v. MATTEWS, 652 F.2d 325 (1981), MATTEW'S ALLEGED THAT THE INTENT OF THE SENTENCING JUDGE HAD BEEN FRUSTRATED BY THE ACTIONS OF THE PAROLE COMMISSION; (2) THAT THE GUIDELINES USED BY THE PAROLE COMM. HAD CHANGED SINCE SENTENCING DATE AND COMMENCMENT OF SENTENCE TO THE DETRIMENT OF APPELLANT; (3) THAT SINCE JUDGE HAD SENTENCED PETITIONER, PAROLE COMM. HAD "AMENDED" HIS SENTENCE IN SUCH A WAY AS TO USURP A JUDICIAL FUNCTION... HIS CHIEF ARGUMENT WAS THAT APPLICATION OF NEW PAROLE GUIDELINES TO HIM IS PROHIBITED BY THE EX POST FACTO CLAUSE OF THE U.S. CONSTITUTION. SEE GERAGHTY V. U.S. PAROLE COMM., 579 F.2d 238 (3RD CIR. 1978) WHICH WAS ULTIMATELY VACATED AND REMANDED, SUB. NOM., U.S. PAROLE COMM. V. GERAGHTY, 100 S.Ct. 1202 (1980); ALSO SEE U.S. V. ADDONIZIO, 99 S.Ct. 2235 (1979).

A SIMILAR ARGUMENT COULD BE MADE IN PRESENT PETITIONER'S CASE. IN 1995, TEXAS BOARD OF CRIMINAL JUSTICE DECIDED TO DISCONTINUE RESTORATION OF GOOD CONDUCT CREDITS AS DEEMED IN STATE'S SB1167. CREDIT'S WHICH EFFECT PETITIONER'S MANDATORY RELEASE DATE, BEING BACK IN SYSTEM ON REVOCATION WITHOUT NEW CONVICTION. THIS CHANGE IN TBCJ POLICY IS AN EX POST FACTO VIOLATION.

NOTE — (A COPY OF THIS ADMINISTRATIVE DIRECTIVE WAS FURNISHED BY STATE'S ANSWER, FOUND IN PETITIONER'S 2ND STATE HABEAS PETITION, EXHIBIT'S A, B, C & D). THIS IS A 1995 DECISION OVER A 1984 CASE.

NOW IN TEAGUE, THE SUPREME COURT RULED THAT NEW STATUTES CALLED PROCEDURAL CHANGES CONSTITUTE AN EX POST FACTO VIOLATION IF IT AFFECTS MATTERS OF SUBSTANCE BY DEPRIVING A DEFENDANT OF PROTECTIONS. PROHIBITATION OF RETROACTIVE APPLICATION OF NEW RULES. TEAGUE V. LANE, 109 S.Ct. 1060 (1989).

AND FURTHER IN WEAVER V. GRAHAM, A CHANGE IN THE LAW THAT ALTERS A SUBSTANTIAL RIGHT CAN BE EX POST FACTO "EVEN IF THE STATUTE

-3-

TAKES ON A SEEMINGLY PROCEDURAL FORM." WEAVER V. GRAHAM, 101 S.Ct. 960 (1981).

PETITIONER WAS DENIED A LIBERTY INTEREST BY BEING DENIED HIS SB 1167 CREDITS WHICH WOULD HAVE BROUGHT AN EARLIER RELEASE UNDER MANDATORY SUPERVISION STATUTES.

TEXAS CODE OF CRIMINAL PROCEDURE, ART. 42.12 §15 (c) (VERNON 1979) A PRISONER WHO IS NOT ON PAROLE "SHALL BE" RELEASED TO MANDATORY SUPERVISION WHEN HIS CALENDAR TIME PLUS HIS ACCRUED GOOD CONDUCT TIME EQUALS THE MAXIMUM TERM TO WHICH HE WAS SENTENCED.

CONSTITUTIONAL LAW (KEY) 318(1)

DEGREE OF POTENTIAL DEPRAVATION THAT MAY BE CREATED BY PARTICULAR DECISION IS FACTOR TO BE CONSIDERED IN ASSESSING VALIDITY OF ADMINISTRATIVE DECISION-MAKING PROCESS FROM DUE PROCESS STANDPOINT. U.S.C.A. CONST. AMEND'S 5th AND 14th.

FEDERAL COURTS (KEY) 776

IDENTIFICATION OF LIBERTY INTEREST THAT ARE PROTECTED BY DUE PROCESS CLAUSE IS QUESTION OF FEDERAL CONSTITUTIONAL LAW THAT COURT OF APPEALS REVIEWS, de novo. U.S.S.A. CONST. AMEND. 14.

MEMPHIS LIGHT, GAS AND WATER V. CRAFT, 98 S.Ct. 1554, 1560.

IN MADISON V. PARKER, 104 F.3d 765 (5th CIR. 1997) IT WAS DECIDED THAT THE STATUTES REGARDING MANDATORY RELEASE CREATE A LIBERTY INTEREST REQUIRING A HIGHER LEVEL OF DUE PROCESS; THERE IS A CONSTITUTIONAL EXPECTANCY OF RELEASE UNDER MANDATORY SUPERVISION WHEN AN INMATE HAS ACQUIRED GOOD TIME CREDITS.

PRISONER'S HAVE A LIBERTY INTEREST IN GOOD TIME CREDITS UNDER STATUTORY SCHEME BESTOWING MANDATORY SENTENCE REDUCTIONS FOR GOOD BEHAVIOR, DUE TO EFFECT ON DURATION OF SENTENCE. SEE SWEENY V. PARKE, 113 F.3d 716, 718 (1997).

ALSO; THE BOARD'S RULES AND REGULATIONS HAVE THE FORCE AND

-3-

effect of law. Hence those rules are subject to the ex post facto clauses prohibitions. Decisions in other circuits, involving similar circumstances, support this conclusion. See Rodriguez v. U.S. Parole, 594 F.2d 170, 174 (7th Cir. 1979). Also see, Sandin v. Conner, 115 S.Ct. 2293 (1995); Meachum v. Fano, 96 S.Ct. 2532; Wolff v. McDonnell, 94 S.Ct. 2963.

### III. Further Case Discussions

In McGrew v. Texas BPP, 47 F.3d 158 (5th Cir. 1995) McGrew challenged the extension of his sentence after violating mandatory supervision. That the statute used was unconstitutional. Although his petition was dismissed on failure to state a claim, his points were valid ones. As in present petitioners case, Tex. Code Crim. Proc., Art. 42.12 §22 (Vernons 1979) provides that upon revocation of a person's mandatory supervision, the person "may be required to serve the portion remaining of the sentence on which he was released, such portion remaining ▓▓▓▓ to be calculated without credit for the time date of his release to the date of his revocation."

This would put TDCJ in conflict and direct violation of state and federal constitutional laws.

Criminal Law (Key) 1217

A sentence must be continuous and a prisoner or inmate cannot be required to serve a sentence in installments.

Double Jeopardy (Key) 132.1

Under state and federal constitutional law, double jeopardy is triggered by risk of multiple prosecutions or punishments for the same offense. USCA Const. Amend. 5; Tex. Const. Art. 1 §14.

Ex Parte Broxton, 888 S.W.2d 23, 25 (1994) and 115 S.Ct. 2584 (1995).

Petition asserts that to have any time credits taken, including time on mandatory supervision, without due process, as well as forcing petitioner to do that same time on sentence over again in it's

-4-

entirety would be double jeopardy and excessive punishment bordering strongly on the 8th Amendments cruel and unusal. It also violates Petitioners liberty interest in time earned.

Statute creates vested property interest if it places substantive limitation on official discretion to deny a particular interest. Bohannan v. Texas B.C.J., 942 SW2d 113 (1997).

Federal Courts (key) 220

Under statute conferring jurisdiction on district courts over civil actions to redress deprivation under color of state law of constitutional rights, privileges or immunities, there is no distinction between personal liberties and property rights. 28 USCA §1343(a)(3).

Constitutional law (key) 278(i)

Fourteenth Amendment places procedural constraints on government actions that deprives interest recognized as "property" with meaning of due process clause. USCA CONST. Amend. 14.

States (key) 78

Any action by state official that is purportedly authorized by state enactment that is unconstitutional under federal constitution cannot be taken in official capacity since state authorization for such action is a nullity.

States (key) 4.1

State cannot immunize conduct that violates U.S. Constitution.

The Supreme Court in Patterson v. N.Y., stated that there are "Constitutional limits beyond which the State's may go..." That this authority of the State's may be circumscribed by the due process and 8th Amendment's prohibition against cruel and unusal punishment. 432 U.S. 197.

-5-

## IV. SUMMATION

Quoted in Barefoot v. Estelle, 103 S.Ct. 3394 at 95; An applicant must make a substantial showing of the denial of a federal right. A "substantial showing" requires the applicant to "demonstrate that the issues are debatable among jurist of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."

Petitioner feel's that he has done this throughout his litagation. That he has attempted in good faith to show cause of being wronged.

Habeas corpus (key) 447

Federal court reviewing petition for writ of habeas corpus must consider whether, under totality of circumstances, errors complained of were so gross or so fundamentally unfair that petitioners constitutional rights were violated.

To force punishment to extend over sentence length assessed by the court is neither fair or just. When a 10 year sentence, given by the judicial branch, is turned into 17 years by another branch, then the separation of powers that be... is moot.

Petitioner has asserted violations of U.S. constitutional law as quoted and determined by more than a dozen supreme court decisions during his litagation and briefs... Petitioner can do little more as a pro se not trained in the law.

## V. Conclusion

The district court's order adopting magistrate judges' finding's indicates that the court applied the wrong standard's of review and failed to review pertinent portions of the records.

That it is fundamentally unfair to allow punishment "to continue for conduct the law did not make criminal."

It is apparent that petitioner's arguments have shown sou-

-6-

supported facts to which a serious breach of liberty has been made by State's actions.

That under totality of circumstances that pleaded facts were so fundmentally unfair that his constitutional rights have been violated. See Reed v. Parley, 512 U.S. 339 at 349 (1994) Fundamental unfairness. It is easy to contemplate life on installment under Texas schemes Petitioner would cite a legal maxim found in Black's law, "Terminus Annorum Certus Debet Esse Et Determinatus," — "A Term of years ought to be certain and definite." (with a fixed end).

## VI. Prayer

That the court will issue a certificate of appealability to the 5th Circuit Court of Appeals and that upon reviewing the facts in the record, the appeal's court would vacate lower court's decision and remand and reverse as deemed just. To this, Petitioner pray's his relief...

Respectfully submitted,

Michael Hammett
Ellis Unit
Huntsville, TX. 77343

-7-

## UNSWORN DECLARATION

I, MICHAEL HAMMETT, PETITIONER IN PRO SE, DO HEREBY DECLARE UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

EXECUTED THIS DAY AUG. 9th, 2000.

RESPECTFULLY SUBMITTED,

Michael Hammett
ELLIS UNIT
HUNTSVILLE, TX. 77343

## CERTIFICATE OF SERVICE

I, MICHAEL HAMMETT, PETITIONER IN PRO SE, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING, MOTION TO FILE NOTICE OF APPEAL AND PETITIONER'S BRIEF OF CAUSE; HAS BEEN SERVED BY PLACING SAME IN THE U.S. MAIL, POSTAGE PAID, ON THIS DAY OF AUG. 9th, 2000; ADDRESSED TO:

GEORGETTE HOGARTH
ASST. ATT. GENERAL
HABEAS CORPUS DIVISION
P.O. BOX 12548, CAPITOL STA.
AUSTIN, TX. 78711

RESPECTFULLY,

Michael Hammett

-8-

MICHAEL HAMNETT ~ # 431679
ELLIS UNIT
HUNTSVILLE, TX.
77313

7013 0454 25

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT
OFFICE OF THE CLERK
600 CAMP STREET
NEW ORLEANS, LA.
70139

